UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL REESE,<br><br>            Plaintiff,<br><br>      v.<br><br>C. PFIEFFER, *et al.*,<br><br>            Defendants. | Case No. 1:24-cv-00400-CDB (PC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO OBEY A COURT ORDER<br><br>(Doc. 9)<br><br>**14-DAY DEADLINE** |

Plaintiff Nathaniel Reese is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

Plaintiff initiated this action with the filing of a complaint on April 4, 2024. (Doc. 1). Plaintiff asserts claims for violations of his rights under the Eighth and Fourteenth Amendment against Defendants Kern Valley State Prison ("KVSP") and KVSP Warden C. Pfieffer ("Warden") (collectively, "Defendants") when he was assaulted by an inmate that prison staff knew was dangerous and should not have been celled with him. (*Id.*).

On February 20, 2025, the Court entered the first screening order on Plaintiff's complaint. (Doc. 9). Because the Court found the complaint fails to state any cognizable claim against Defendants KVSP and Warden Pfieffer, and that Plaintiff may be able to cure the

deficiencies in his pleading, the Court granted Plaintiff leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  (*Id.* at 12).  With its screening order, the Court served on Plaintiff a civil rights complaint form and ordered him within 21 days from service of the order and form (*i.e.*, March 13, 2025) to either file a first amended complaint curing the deficiencies identified by the Court in the order or in the alternative, file a notice of voluntary dismissal if Plaintiff no longer wishes to pursue this action.  (*Id.* at 13).  Plaintiff was forewarned that the failure to comply with the order will result in the "**recommend[ation] that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**" (*Id.*) (emphasis original).

The time to comply with the order has passed and Plaintiff failed to file either a first amended complaint or a notice of voluntary dismissal.

## II.    CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff show cause in writing **within 14 days** of the date of service of this order why sanctions should not be imposed for his failure to comply with the Court's order and the Local Rules, as set forth herein.  Alternatively, Plaintiff may comply with this order by filing by that same deadline either the first amended complaint curing the deficiencies identified from the Court's first screening order (Doc. 9) or, if he no longer wishes to pursue this action, file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**Any failure by Plaintiff to timely comply with this order will result in the recommendation that this action be dismissed, without prejudice, for Plaintiff's failure to obey a court order and for failure to prosecute.**

IT IS SO ORDERED.

Dated:    **March 20, 2025**                              _____
UNITED STATES MAGISTRATE JUDGE