UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL REESE,<br><br>         Plaintiff,<br><br>    v.<br><br>C. PFIEFFER, *et al.*,<br><br>         Defendants. | Case No. 1:24-cv-00400-CDB (PC)<br><br>ORDER DISCHARGING MARCH 20, 2025, ORDER TO SHOW CAUSE<br><br>(Doc. 10)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO THE FIRST SCREENING ORDER<br><br>(Docs. 9, 12)<br><br>**May 26, 2025, DEADLINE** |

Plaintiff Nathaniel Reese ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff initiated this action with the filing of a complaint on April 4, 2024. (Doc. 1). Plaintiff asserts claims for violations of his rights under the Eighth and Fourteenth Amendment against Defendants Kern Valley State Prison ("KVSP") and KVSP Warden C. Pfieffer ("Warden") (collectively, "Defendants") when he was assaulted by an inmate that prison staff knew was dangerous and should not have been celled with him. (*Id.*).

On February 20, 2025, the Court entered the first screening order on Plaintiff's complaint.

(Doc. 9). Because the Court found the complaint fails to state any cognizable claim against Defendants KVSP and Warden Pfieffer, and that Plaintiff may be able to cure the deficiencies in his pleading, the Court granted Plaintiff leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. (*Id.* at 12). With its screening order, the Court served on Plaintiff a civil rights complaint form and ordered him within 21 days from service of the order and form (*e.g.*, not later than March 13, 2025) to either file a first amended complaint curing the deficiencies identified by the Court in the order or in the alternative, file a notice of voluntary dismissal if Plaintiff no longer wishes to pursue this action. (*Id.* at 13). Plaintiff was forewarned that the failure to comply with the order will result in the "**recommend[ation] that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**" (*Id.*) (emphasis original).

After the time to comply with the order passed and Plaintiff failed to file either a first amended complaint or a notice of voluntary dismissal, on March 20, 2025, the Court ordered Plaintiff to show cause in writing within 14 days from the date of service of the order why sanctions should not be imposed for his failure to comply with the Court's order and the Local Rules. (Doc. 10). On March 31, 2025, following Plaintiff's filing of a notice of change of address, the Court made re-service of the order that same day. (Doc. 11); *see* (Dkt. 03/31/2025).

Pending before the Court is Plaintiff's response to the order to show cause and request for an extension of time to respond to the screening order, filed on April 7, 2025. (Doc. 12). Plaintiff represents that he is currently at R.J. Donovan Correctional Facility and is writing to inform the Court about why he was unable to make the 21-day deadline to respond to the Court's February 20, 2025, first screening order. (*Id.*). Plaintiff represents that the Department of Correction "put all 180 prison on lockdown due to staff [unintelligible] and violence on inmate." (*Id.*). He represents that he was in the process of "getting the names" of the prison officials that allowed "inmate Woods to come back to the yard after he stab his cellie in their cell." (*Id.*). He represents that he is working to obtain a lawyer or private investigator to obtain this information so he may amend his complaint, and "seeing that [he] is no longer at Kern Valley State Prison" it "is making this a little more difficult." (*Id.*). Plaintiff therefore requests the Court for an indefinite extension

of time to allow him to amend the complaint. (*Id.*).

Based on Plaintiff's filing of the notice of change of address and representations in his response to the order to show cause, the Court finds good cause to discharge its March 20, 2025, order to show cause (Doc. 10), and the order to show cause is discharged.

Further, the Court finds good cause to grant Plaintiff an extension of time to obtain the information he seeks to amend his complaint. *See* E.D. Cal. Local Rule 144(c). Plaintiff will be directed to file by May 26, 2025, either a first amended complaint curing the deficiencies identified in the Court's first screening order (Doc. 9) or, if he no longer wishes to pursue this action, file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The March 20, 2025, order to show cause (Doc. 10) is DISCHARGED; and

2. Plaintiff SHALL FILE by **May 26, 2025,** either a first amended complaint curing the deficiencies identified from the Court's first screening order (Doc. 9) or, if he no longer wishes to pursue this action, file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**Any failure by Plaintiff to timely comply with this order will result in the recommendation that this action be dismissed, without prejudice, for Plaintiff's failure to state a claim, failure to obey a court order and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **April 9, 2025**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE