UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL REESE, <br><br> Plaintiff, <br><br> v. <br><br> C. PFIEFFER, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-00400-CDB (PC) <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT <br><br> ORDER DENYING REQUEST FOR SUBPOENA <br><br> (Docs. 18, 19) <br><br> **NOVEMBER 7, 2025, DEADLINE** |

Plaintiff Nathaniel Reese ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.

**Background**

Plaintiff initiated this action with the filing of a complaint on April 4, 2024. (Doc. 1). On June 4, 2025, Plaintiff filed his first amended complaint. (Doc. 14). On September 5, 2025, the Court issued its second screening order, finding that Plaintiff's first amended complaint fails to state any cognizable clams against Defendants Kern Valley State Prison ("KVSP") Warden C. Pfieffer and the two "John Doe" KVSP individual officers. (Doc. 17). Because Plaintiff may be able to cure the deficiencies in his pleading, specifically as to his failure-to-protect claim, the Court

1 granted Plaintiff leave to amend his first amended complaint to cure the identified deficiencies to
2 the extent he is able to do so in good faith. *Id.* at 12.  With its screening order, the Court served on
3 Plaintiff a civil rights complaint form and ordered him within 21 days from service of the order and
4 form (*e.g*., not later than October 3, 2025) to either file a second amended complaint curing the
5 deficiencies identified by the Court in the order or in the alternative, file a notice of voluntary
6 dismissal if Plaintiff no longer wishes to pursue this action. *Id*. at 13.

**Motion for Extension of Time and Request for Subpoena**

8 Pending before the Court is Plaintiff's motion for an extension of time to file a second
9 amended complaint and request for subpoena therein, filed on September 30, 2025.  (Docs. 18, 19).
10 Plaintiff represents that he needs an unspecified amount of time to obtain additional information
11 from KVSP. (Doc. 18).  He represents that he sent a subpoena request to have KVSP produce the
12 name of the sergeant and lieutenant that worked the day that inmate Woods "had the in-cell attack
13 between him and inmate Fite that le[d] to [Plaintiff's] attack." *Id.*  Plaintiff attached a request for
14 subpoena to his motion.  (Doc. 19).

15 Based on Plaintiff's representation that he needs additional time to obtain the information
16 he seeks to amend his complaint, the Court finds good cause to grant Plaintiff's motion for an
17 extension of time to file a second amended complaint. *See* Local Rule 144(c).  Plaintiff will be
18 directed to file by November 7, 2025, either a second amended complaint curing the deficiencies
19 identified in the Court's second screening order (Doc. 17) or, if he no longer wishes to pursue this
20 action, file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure
21 41(a)(1)(A)(i).

22 While the Court acknowledges Plaintiff's desire to obtain the information he seeks via his
23 request for subpoena to KVSP (Doc. 19), at this time, issuance of a subpoena is improper as this
24 case has not yet been scheduled nor has discovery commenced.  Accordingly, that request will be
25 denied. *See* E.D. Cal. Local Rule 250.5(d); Fed. R. Civ. P. 45.  Additionally, to the extent Plaintiff
26 believes the information he seeks via the requested subpoena, *i.e.*, the names of the KVSP officers
27 that worked "that day that inmate Woods had the in-cell attack between him and inmate Fite that
28 le[d] to [Plaintiff's] attack" (Doc. 18), is necessary for the purpose of preparing and filing a second

amended complaint, he is mistaken because that identifying information is not required to comply with the Court's directives in curing the deficiencies identified in the second screening order. *See* (Doc. 17 at 9-11) (deficiencies identified in Plaintiff's failure-to-protect claim); *see id.* at 11 ("It is not clear what role these ["John Doe"] individual officer Defendants played in leading to Plaintiff's failure to protect claim, or whether these individuals are the "CDC[R] staff" as alleged in Plaintiff's grievance form. … However, it is conceivable Plaintiff could allege a cognizable claim against these individual officer Defendants for their failure to protect him from the violent attack by another inmate provided they knew and were deliberately indifferent to the fact that inmate Woods posed a substantial risk of harm to other inmates given his previous stabbing of his cellmate not long before Woods attacked Plaintiff in slicing off his ear."). In other words, Plaintiff need not name either the sergeant or lieutenant in a second amended complaint, but rather, may continue to refer to them by their titles "sergeant" and "lieutenant."

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff SHALL FILE by **November 7, 2025**, either a second amended complaint curing the deficiencies identified from the Court's first screening order (Doc. 17) or, if he no longer wishes to pursue this action, file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); and

2. Plaintiff's request for subpoena (Doc. 19) is DENIED.

**Any failure by Plaintiff to timely comply with this order will result in the recommendation that this action be dismissed, without prejudice, for Plaintiff's failure to state a claim, failure to obey a court order and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **October 1, 2025**

UNITED STATES MAGISTRATE JUDGE