UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL REESE,<br><br>Plaintiff,<br><br>v.<br><br>C. PFIEFFER, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-00400-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>(Doc. 23)<br><br>**21-DAY DEADLINE**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Plaintiff Nathaniel Reese ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.  Plaintiff initiated this action with the filing of a complaint on April 4, 2024.  (Doc. 1).

On February 20, 2025, the Court issued its first screening order, finding that Plaintiff's complaint fails to state any cognizable claims against Defendants Kern Valley State Prison ("KVSP") and KVSP Warden C. Pfieffer ("Warden").  (Doc. 9).  On September 5, 2025, the Court issued its second screening order, finding that Plaintiff's first amended complaint fails to state any cognizable claims against Warden Pfeiffer and two "John Doe" KVSP individual officers.  (Doc. 17 at 12).  On October 1, 2025, the Court granted Plaintiff's motion for an extension of time to file

a second amended complaint ("SAC").  (Doc. 20).  On December 30, 2025, the Court issued its third screening order, finding that Plaintiff's second amended complaint ("SAC") fails to state any cognizable claims against Warden Pfeiffer and John Doe officers.  (Doc. 22).  Because Plaintiff may be able to cure the deficiencies in his SAC, the Court granted Plaintiff one final opportunity for leave to amend his pleading.  *Id.* at 8-9.

Presently before the Court for screening is Plaintiff's third amended complaint, filed on January 20, 2026.  (Doc. 23).

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b). The Court must dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory.  *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) (citing *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006)).

## II.    PLEADING REQUIREMENTS

### A.    Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims.  *Id.* at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Plausibility does not require probability, but it requires

more than the "sheer possibility" of a defendant's liability. *Id.* (quoting *Twombly*, 550 U.S. at 556). A claim is plausible when the facts pleaded allow the court to make reasonable inferences that the defendant is liable for wrongful conduct. *Id.*  However, a court "is not required to indulge unwarranted inferences." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).  This liberal pleading standard applies to a plaintiff's factual allegations but not to his legal theories.  *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Moreover, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff.  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted). The mere possibility of misconduct and facts merely consistent with liability is insufficient to state a cognizable claim.  *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Vague and conclusory allegations of official misconduct are insufficient to withstand a motion to dismiss. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.    Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law.  *See* 42 U.S.C. § 1983.  To state a claim under section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation" (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

3

affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C.   Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676–77; *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisory liability may be based on inaction in the training and supervision of subordinates. *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey*, 673 F.2d at 268.

### III.   <u>DISCUSSION</u>

#### A.   Plaintiff's TAC Allegations[1]

Plaintiff's TAC names two John Doe KVSP individual officers as Defendants. (Doc. 23 at 1, 3-4). He alleges that John Doe 1 is employed as a C-yard sergeant 3W at KVSP and John Doe 2 is a C-yard "Lt" 3W at KVSP. *Id.* The TAC is signed and dated January 12, 2026. *Id.* at 5.

In his prayer for relief, Plaintiff seeks that action be taken on "these two staff members" and he be compensated for his injuries "as in the cut" to his ear and "PTSD" in the amount of $300,000.00 and future medical expenses. *Id.*

In his single claim, Plaintiff alleges that he was performing his duty as a porter/feeder when he was attacked by inmate Woods (AN 8623) because the "administration failed to protect [him] from a[n] inmate that should not have been on the yard." *Id.* at 3. He alleges that a week prior to

---

[1]The Court accepts Plaintiff's allegations in the TAC as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

his incident, inmate Woods stabbed "his cellie in the cell" because he was known to be under the influence of "some kind of drug[.]"  Plaintiff alleges that "if [John Does 1 and 2] would have took proper steps[,] [Plaintiff] would have never been injured and it would have only been [one] incident instead of [two]."  *Id.*  Plaintiff alleges that he was performing his duty as a 3W porter and was awaiting his entrance back to his "pod" while talking to another inmate when he felt a presence behind him.  When Plaintiff turned around to see inmate Woods standing behind him, Woods swung at Plaintiff, and at this time Plaintiff did not know Woods had a weapon in his hand.  Plaintiff alleges that at this time he was trying to defend himself from an unwarranted attack "that could have cost [him his] life and could have been prevented if staff would have did the[ir] job and seen inmate Wood[s] was a threat to the population."  *Id.* at 4.

**B.    Analysis – Eighth Amendment Failure to Protect**

*1.    Governing Authority*

The Eighth Amendment prohibits the infliction of cruel and unusual punishment.  U.S. Const. amend VIII.  While the nature of imprisonment restricts significant rights, "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison."  *Bell v. Wolfish*, 441 U.S. 520, 545 (1979) (citations omitted).  The Eighth Amendment protects prisoners from inhumane methods of punishment and conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  "After incarceration, only the 'unnecessary and wanton infliction of pain' … constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  *Ingraham v. Write*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). No matter where prisoners are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).

The Eighth Amendment requires prison officials to protect prisoners from violence at the hands of other prisoners because "being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."  *Farmer*, 511 U.S. at 833–34 (1970); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009).  A prisoner seeking relief for an

Eighth Amendment violation must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013).

In a failure-to-protect claim, a prisoner must show that a prison official's act or omission (1) was objectively, "sufficiently serious," and (2) the official was subjectively, deliberately indifferent to an inmate's health or safety. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). A deprivation is sufficiently serious if the conditions of confinement pose a "substantial risk of serious harm," *id.* (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)), and a prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The second prong of this test is subjective and requires the prison official to have a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citing *Wilson*, 501 U.S. at 302–04). "Deliberate indifference" entails something more than negligence but less than acts or omissions intended to cause harm or with knowledge that harm will result. *Id.* at 835 (following *Estelle*, 429 U.S. at 104). To prove deliberate indifference, a plaintiff must show that the official knew of and disregarded an excessive risk to inmate safety. *Id.* at 837. A prison official need not "believe to a moral certainty" that a prisoner is at risk of harm "before [he] is obligated to take steps to prevent such an assault," but "he must have more than a mere suspicion that an attack will occur." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted). The obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

Even if a prison official should have been aware of the risk but was not, there is no Eighth Amendment violation, no matter how severe the risk. *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (citation omitted). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [the Supreme Court's] cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838. In addition, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably." *Id.* at 844. "[S]peculative and generalized fears of harm at

6

the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." *Williams v. Wood*, 223 Fed. Appx. 670, 671 (9th Cir. 2007) (citation omitted).

               2.     *Analysis*

Here, the TAC fails to state a claim for failure to protect. First, as with the deficient SAC, the TAC is likewise defective as the pleading fails to include any allegation as to the relevant date(s) of the incident.

Second, the TAC's allegations provide that Plaintiff's harm was caused by the "administration" and its failure to protect him from an inmate that should not have been on the yard, that he would not have been injured if "staff [at] KVSP would have [taken] the proper steps" because inmate Woods was known to be under the influence of some sort of drug, and that generally, Woods had stabbed his cellmate in the cell a week prior. However, as with the SAC, Plaintiff does not allege that the two "John Doe" KVSP individual officer Defendants each *knew* and were deliberately indifferent to the fact that Woods posed a substantial risk of harm to Plaintiff given his previous stabbing of his cellmate not long before Woods attacked Plaintiff with a weapon, leading to his injuries. In short, Plaintiff fails to show that either John Doe 1 or 2 personally was aware of and disregarded a risk of harm Plaintiff faced when they allowed Woods to be in the yard with Plaintiff despite knowing of Woods's recent violence against his cellmate. Plaintiff again fails to sufficiently allege facts that show or permit the drawing of a reasonable inference that Defendants John Does 1 and 2 had information or were apprised of inmate Woods's risk of harm to other inmates and were deliberately indifferent to the risk of leaving him out on the yard with other inmates.

**C.    Further Leave to Amend Would Be Futile**

Because Plaintiff's TAC is deficient for the same reasons as those articulated in the Court's prior screening orders (*see* Docs. 17, 22) and because Plaintiff has failed to remedy those deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, that leave to amend would be futile. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's

allegations belied plaintiff's entitlement to relief).

**IV.    CONCLUSION, ORDER, AND RECOMMENDATION**

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a district judge to this action.

And it is RECOMMENDED that this action be dismissed without leave to amend based on Plaintiff's failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 21 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 10, 2026**                                      _____

UNITED STATES MAGISTRATE JUDGE